**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

SHERRY LAUTERBACH                              )
                                               )
        Plaintiff,                             )        Case No.: 3:26-cv-521
                                               )
                                               )
                                               )        **JURY TRIAL DEMANDED**
vs.                                            )
                                               )
                                               )
WAUSAU HOMES INCORPORATED                      )
c/o Registered Agent C T Corporation System    )
10805 Business Highway 51                      )
Rothschild, WI 54474,                          )
                                               )
and                                            )
                                               )
MATTHEW SEMKE                                  )
W1893 Semke Road                               )
Coon Valley, WI 54623,                         )
                                               )
and                                            )
                                               )
NORTH RIDGE CONSTRUCTION,                      )
INCORPORATED                                   )
W1893 Semke Road                               )
Coon Valley, WI 54623,                         )
                                               )
        Defendants.                            )

**COMPLAINT**

COMES NOW Plaintiff Sherry Lauterbach for her Complaint against Defendants Wausau Homes Incorporated ("Wausau" or "WHI"), North Ridge Construction Incorporated ("North Ridge"), and Matthew Semke ("Semke") (collectively "Defendants"), alleges and states to the Court as follows:

1

## NATURE OF ACTION

1. This action arises from Defendants' breach of contract, covenants, guarantees, and warranties, as well as misrepresentations, fraud, and negligence in connection with factory-built Wausau homes.

2. Defendant Wausau associates with improperly vetted local contractors to build deficient and defective homes. Touted as "revolutionary", these Wausau homes are instead the source of nightmares for would-be homeowners such as Plaintiff.

3. Defendant Wausau is aware of multiple serious issues with local contractors such as Defendant Semke and has nevertheless continued its practices without taking appropriate corrective action.

4. Plaintiff seeks compensation for injuries, including: (a) damages; (b) attorneys' fees; (c) costs of this suit; (d) pre- and post-judgment interest; (e) punitive damages; and (f) such other and further relief as this Court may deem necessary and proper, and as set forth in Plaintiff's Prayer for Relief below.

## PARTIES

5. Plaintiff Sherry Lauterbach ("Ms. Lauterbach" or "Plaintiff") is an Illinois citizen and is the owner of real property located at 49346 Swiggum Road, Soldier Grove, Wisconsin.

6. Wausau Homes Incorporated is a Wisconsin corporation with its principal place of business located at 10805 Business Highway 51 South, Wausau, Wisconsin 54474. The Registered Agent for Wausau is C T Corporation System, which is located at 10805 Business Highway 51, Rothschild, Wisconsin 54474.

7. North Ridge Construction, Incorporated is a Wisconsin corporation with its principal place of business at W1893 Semke Road, Coon Valley, Wisconsin 54623. The Registered

Agent for North Ridge is Matthew Semke, who is located at W1893 Semke Road, Coon Valley, Wisconsin 54623. Upon information and belief, North Ridge was, at all relevant times herein, an approved local builder of Wausau Homes. North Ridge Construction operated the Wausau Homes Onalaska office in Onalaska, Wisconsin.

8. Matthew Semke is a Wisconsin citizen residing in the County of Vernon in the State of Wisconsin. Upon information and belief, Matthew Semke was, at all relevant times, an approved local builder of Wausau Homes. Matthew Semke operated the Wausau Homes Onalaska office in Onalaska, Wisconsin.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction and original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (c), because the amount in controversy exceeds the sum or value of $75,000.00, Plaintiff is a citizen of the State of Illinois, Defendant Wausau is a citizen of Wisconsin, and Defendants Semke and North Ridge Construction are citizens of the State of Wisconsin.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants conduct business throughout this District, a substantial part of the events or omissions giving rise to the claims occurred within this District, a substantial part of the property that is the subject of the action is situated in this District, and Defendants reside in this District.

11. Wausau and/or its subsidiaries and affiliates (including Semke and North Ridge Construction) continuously and systematically solicit customers and provide services within at least nine states, including Wisconsin, and therefore Defendants are subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

12.     On or about November 2021, Plaintiff Sherry Lauterbach began working with Matt Semke to prepare and finalize the plans for her new residence to be built on real property located at 49346 Swiggum Road, Soldier Grove, Wisconsin.

13.     Plaintiff chose to work with Defendants to build her new Wausau Homes residence based on painstaking research and planning as to the best organizations to build her home.

14.     Her residence was intended to serve as a multi-generational and retirement home for Plaintiff and her family.

15.     Plaintiff chose the home, the design, and the floor plan, and confirmed the details and approval of same with Wausau's engineers and North Ridge Construction.

**Wausau Homes Exercised Extensive Control Over its Local Builders**

16.     Upon information and belief, Wausau Homes enters into a "Builder Agreement" with its Local Builders, including Matt Semke and/or North Ridge Construction, authorizing its Local Builders to operate as a builder of Wausau Homes products.

17.     Under the "Builder Agreement", Local Builders are authorized to operate a Wausau Homes' "Design Studio" to promote and sell Wausau Homes' houses and related services.

18.     Wausau Homes requires its Local Builders to promote and sell Wausau homes using pricing materials, design systems, and proprietary software programs developed and controlled by Wausau Homes.

19.     Wausau Homes assigns its Local Builders an exclusive geographic sales territory to solicit customers.

20.     Upon information and belief, Wausau Homes assigned and authorized Matt Semke and/or North Ridge Construction an exclusive geographic territory to solicit customers for Wausau

4

Homes.

21. The "Builder Agreement" prohibits Local Builders from soliciting customers outside the geographic territory assigned by Wausau Homes.

22. Wausau Homes requires its Local Builders to actively develop business and promote the sale of Wausau Homes products within their assigned territory.

23. Wausau Homes established annual sales objectives that Local Builders were required to meet.

24. Wausau Homes evaluates its Local Builders' performance against the sales objectives established by Wausau Homes.

25. Wausau Homes requires its Local Builders to establish and operate a Wausau Homes Authorized Design Studio within their exclusive geographic sales territory.

26. Upon information and belief, Wausau Homes required Matt Semke and/or North Ridge Construction to establish and operate the Wausau Homes Onalaska Design Studio.

27. Wausau Homes requires its Local Builders to attend training programs and conferences sponsored by Wausau Homes.

28. Wausau Homes authorizes its Local Builders to advertise and/or promote Wausau Homes products utilizing the Wausau Homes trademarks and/or trade names.

29. Wausau Homes authorizes its Local Builders to wear apparel displaying the Wausau Homes logo while conducting business.

30. Wausau Homes authorizes its Local Builders to display Wausau Homes signage on the exterior and interior of the builders' Wausau Homes Design Studio.

31. The "Builder Agreement" requires Wausau Homes Local Builders to sell only Wausau Homes products.

32.     During the construction and planning process, Local Builders utilize the Wausau Homes Homebuyer Selection Guide for each homebuyer.

33.     The Homebuyer Selection Guide sets forth architectural plans, drawings, and specifications for each home.

34.     Wausau Homes authorizes its Local Builders to have home plans drawn by Wausau-approved drafting personnel.

35.     The home plans are reviewed by the Wausau Homes' structural department before being provided to homebuyers.

36.     Wausau Homes requires its Local Builders to follow the Wausau Homes' procedures and regulations for each home construction site.

37.     Local Builders operating under a "Builder Agreement" were subject to termination if they failed to comply with Wausau Homes' standards, policies, or operational requirements.

38.     Through the Builder Agreement, operational manuals, marketing requirements, training programs, and oversight of construction practices, Wausau Homes retained the right to control the manner and means by which its builders marketed, designed, and constructed Wausau Homes houses.

**Wausau Homes Provided Clear and Indisputable
Brand Promises to Plaintiff**

39.     Wausau touted three Wausau Homes' "Brand Promises" to the public and its customers: (1) "your way;" (2) "firm price;" and (3) "on time."[1]

40.     The "**your way**" Wausau brand promise stated that "our custom home builders help you design and build your home, so you're only limited by your imagination."[2] Wausau promises

---

[1] https://web.archive.org/web/20211023175523/https://wausauhomes.com/promise
[2] https://web.archive.org/web/20211023163323/https://wausauhomes.com/

that "our first priority is working with you to create the perfect home design" and that "Wausau Homes ensures that your final design is the one of your dreams."[3]

41.     The "**firm price**" Wausau brand promise states that "your final price is the same, from the start of construction to your move-in date, with no surprises."[4] According to Wausau, it has "spent more than 50 years perfecting our home building process so that your custom home is complete at the same firm price when you first signed… at a guaranteed price that meets your budget."[5]

42.     The "**on time**" Wausau brand promises that "your exact move-in date is guaranteed early in the process, giving you peace of mind."[6] Wausau promises "On Time. Every Time." that "[o]ur home builders will have you moving into your dream home on time… always with an exact move-in date" and that "[y]our local Wausau Home's builder will provide you with a firm building schedule and precise move-in date."[7]

43.     Wausau promises and advertises that "[t]he Wausau Homes unique building process allows us to deliver custom dream homes on time and on budget—100% of the time, guaranteed."[8]

44.     Wausau promises satisfaction and quality workmanship ("the highest quality and precision—one [home] that fits your family's needs, and your budget").[9]

45.     Wausau promises a local builder who is part of the Wausau Homes company ("search the Wausau Homes network of highly qualified local home builders to find one serving

[3] https://web.archive.org/web/20211023175523/https://wausauhomes.com/promise
[4] https://web.archive.org/web/20211023163323/https://wausauhomes.com/
[5] https://web.archive.org/web/20211023175523/https://wausauhomes.com/promise
[6] https://web.archive.org/web/20211023163323/https://wausauhomes.com/
[7] https://web.archive.org/web/20211023175523/https://wausauhomes.com/promise
[8] https://web.archive.org/web/20211023171533/https://wausauhomes.com/building-process
[9] https://web.archive.org/web/20211023163323/https://wausauhomes.com/

your new neighborhood.").[10]

46.    Matt Semke and/or North Ridge Construction was a Local Builder chosen by Wausau Homes to provide its customers with a custom-built Wausau home.

47.    Matt Semke and/or North Ridge Construction operated out of the Wausau Homes' Onalaska Design Studio, with a Wausau Homes' email address, and a custom web page on the Wausau Homes' website.[11]

48.    Semke and/or North Ridge Construction wore Wausau Homes' apparel, displayed Wausau Homes' marketing materials, and corresponded exclusively through a Wausau Homes' email address.

49.    These local builders, such as Semke and/or North Ridge Construction, were celebrated as part of the Wausau Home Builder Network. According to Wausau Homes:

> Not everyone can be a Wausau Homes builder. Each of the builders in our network goes through a comprehensive training program and uses the latest technology and software tools to simplify the homebuilding experience. We choose builders who share our core values of integrity, humility, stewardship, work ethic, and passion— and encourage community volunteering, sponsorship, and work alongside local community groups.[12]

50.    Wausau Homes promotes the local builders, such as Semke and/or North Ridge Construction, as its employees and/or agents.

51.    Wausau Homes' builders are granted franchises all over the Midwest.

52.    These franchises all use the same Wausau Homes' marketing materials, websites, blog posts, social media, e-mail addresses, e-mail servers, software, and Wausau Homes' logo, as

---

[10] https://web.archive.org/web/20211023163323/https://wausauhomes.com/
[11] https://web.archive.org/web/20210619221428/https://wausauhomes.com/find-a-builder/ ;
https://web.archive.org/web/20211023181601/https://wausauhomes.com/find-a-builder/index/view/id/81/
[12] https://web.archive.org/web/20210619224638/https://wausauhomes.com/about ;
https://web.archive.org/web/20211205152851/https://wausauhomes.com/about

required by Wausau Homes.[13]

53.     These franchises are advertised as "your local Wausau Homes builder" with all the requisite Wausau Homes' marks and trappings.[14]

54.     Based on these and other representations, advertisements, guarantees, and warranties, Plaintiff chose to purchase and build a Wausau home.

55.     Plaintiff filled out Wausau Homes' forms, Wausau Homes verified the correct local builder, and Plaintiff received a response and confirmation from Wausau Homes.

56.     Based on the location of the real estate, Wausau Homes selected Matt Semke and/or North Ridge Construction as Plaintiff's Local Builder.

57.     Based on Wausau Homes' selection of the Local Builder, Plaintiff trusted that Semke and/or North Ridge Construction was a competent builder and contractor, vetted and verified by Wausau Homes and covered by their warranties, promises and guarantees.

58.     Unbeknownst to Plaintiff, however, Wausau Homes does not provide testing or checks to verify the quality and competency of their local builders, including Matt Semke and/or North Ridge Construction.

59.     Upon information and belief, Wausau does not confirm or verify that its local builders would abide by (or are able to abide by) company warranties, promises and guarantees.

60.     Matt Semke and/or North Ridge Construction was not a competent builder and contractor.

61.     Matt Semke and/or North Ridge Construction was not properly vetted and verified by Wausau Homes.

---

[13] *See, e.g.*, https://web.archive.org/web/20211023181601/https://wausauhomes.com/find-a-builder/index/view/id/81/
[14] https://web.archive.org/web/20210921202048/https://wausauhomes.com/steps

62. Wausau was keenly aware or should have been aware of Semke's extensive civil and criminal history which predated his appointment as Local Builder for Plaintiff's home.

63. Semke's criminal history includes convictions and charges for serious offenses involving impaired driving, hit-and-run, misuse of firearms, domestic violence, child abuse, and repeated violations of court-ordered sentencing conditions.

64. In addition to his criminal history, Semke and North Ridge Construction have been the subject of numerous civil actions arising from financial misconduct, including repeated actions brought by state agencies for delinquent taxes and unpaid obligations.

65. Semke and North Ridge Construction have also had multiple judgments entered against them in favor of suppliers, lenders, investors, and private individuals.

66. Plaintiff was unaware of Semke's criminal and civil record, incompetency, financial issues, and lack of vetting and verification by Wausau Homes.

67. Plaintiff was instead told that Semke and/or North Ridge Construction was one of Wausau Homes' "highly qualified" and "highly trained" local home builders.

### Wausau Homes, Semke, and North Ridge Construction Failed to Abide by Their Promises to Plaintiff

68. On or about December 2021, Plaintiff met with Semke to discuss and solidify the details of her new residence.

69. Shortly thereafter, Plaintiff paid to have blueprints prepared for the home.

70. On or about December 14, 2021, Plaintiff executed a Wausau Homes' Design Agreement, the stated purpose of which was to "develop your dream on paper" and to be used for "firm pricing, appraisal, permits, and construction purposes," which, upon information and belief, was approved by a Wausau Homes' corporate employee or agent and stamped with the Wausau Homes' logo. Exhibit 1.

71.    Semke provided Plaintiff with a Wausau Homes' Pricing Estimate of $1,132,133.76 to complete the Residence, which, upon information and belief, was approved by a Wausau Homes' corporate employee or agent and stamped with the Wausau Homes' logo. Exhibit 2.

72.    The blueprints for Plaintiff's home were approved by a Wausau Homes' corporate employee or agent and stamped with the Wausau logo. Exhibit 3.

73.    Eventually, Plaintiff was provided with the Wausau Homes' Homebuyer Selection Guide, which, upon information and belief, was approved by a Wausau Homes' corporate employee or agent and stamped with the Wausau Homes' logo. Exhibit 4.

74.    Plaintiff relied on Defendants' promises, representations, and guarantees, such as "on time," "your way," "firm price," and that "not everyone can be a Wausau Homes' builder" in the building of their home.

75.    Plaintiff relied on Defendants' promises, representations, and guarantees that her Wausau Homes Local Builder was "highly qualified" and "highly trained."

76.    Plaintiff relied on Defendants' promises, representations, and guarantees that her Wausau Homes' Local Builder: went through "a comprehensive training program," "use[d] the latest technology and software tools to simplify the homebuilding experience," shared in Wausau Homes' core values of "integrity, humility, stewardship, work ethic, and passion," and that her Wausau builder knew "local codes and regulations and ha[d] established relationships with reputable subcontractors in the area."

77.    These promises, representations, and guarantees were provided by Semke, North Ridge Construction, and Wausau Homes.

78.    These promises and representations were not kept.

79. These promises and representations were false.

80. Plaintiff's home was not completed on time.

81. Plaintiff's home was not completed within the provided firm price.

82. Plaintiff's home was not completed "your way" according to the home's specifications.

83. Plaintiff's Wausau Homes' Local Builder, Semke and/or North Ridge, were not "highly qualified" or "highly trained."

### The Lauterbach House

84. The first payment for Plaintiff's home was made to Semke and North Ridge on or about December 15, 2021.

85. The set day for Plaintiff's home was not until June 20, 2023.

86. Thus, began a similar trend of broken promises and guarantees by Defendants.

87. The "on time" completion date for Plaintiff's home was November 1, 2023.

88. Plaintiff received a Wausau Homes' Pricing Estimate on June 15, 2022, which estimated the price of the residence at $1,132,133.76.

89. Shortly thereafter, on or around August 2, 2022, Semke informed Plaintiff that price of the home would increase to $1,364,223.00.

90. The Wausau Homes' on-time and firm price guarantees were broken.

91. Around July 25, 2023, Plaintiff received correspondence from Wausau Homes' Senior Accountant requesting payment for the home's framing package, threatening to place a lien on the property.

92. It was not until September 2023 that Plaintiff became aware of the deficiencies with her Wausau Homes' Local Builder, Semke.

12

93.    Semke failed to complete the work he was hired to do and retained funds in excess of the work completed.

94.    At this point, Plaintiff terminated Semke as her Wausau Homes' Local Builder. Semke had already billed and received over $1,800,000.00 for the home construction, which remained incomplete and defective.

95.    Upon information and belief, Semke was terminated by Wausau Homes in September 2023.

96.    The only work that was "substantially completed" by the time Semke and North Ridge was terminated was basic framing and minimal drywall installation.

97.    The work that was performed was done incorrectly and with significant defects, including but not limited to: foundation, structure, framing, walls, floors, plumbing, windows, and trusses.

98.    Plaintiff was forced to finish the remainder of the work on her home without the assistance of Defendants.

99.    Plaintiff incurred unexpected expenses for multiple construction items, including but not limited to: flooring, electrical, plumbing, drywall, insulation, roofing, painting and paint materials, blinds, gutters, concrete, HVAC, mold remediation, doors and garage doors, driveway material, and landscaping.

100.    In addition, Plaintiff incurred unexpected costs and expenses for additional contractors, labor, materials, and other associated costs to remediate the defects and to complete multiple aspects of construction.

101.    Wausau Homes has refused to correct its actions or the actions of its Local Builders.

102.    The inaction of Wausau Homes has caused additional damages to Plaintiff.

**COUNT I**
**VIOLATION OF THE WISCONSIN DECEPTIVE TRADE PRACTICES ACT (DTPA)**
**(WIS. STAT. §§ 100.18, *et seq*.)**

103.     Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

104.     The Wisconsin Deceptive Trade Practices Act (DTPA) § 100.18(1), provides, in part, as follows:

> No person, firm, corporation or association, or agent or employee thereof, with intent to sell, distribute, increase the consumption of or in any wise dispose of any real estate, merchandise, securities, employment, service, or anything offered by such person, firm, corporation or association, or agent or employee thereof, directly or indirectly, to the public for sale, hire, use or other distribution, or with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase, sale, hire, use or lease of any real estate, merchandise, securities, employment or service, shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper, magazine or other publication, or in the form of a book, notice, handbill, poster, bill, circular, pamphlet, letter, sign, placard, card, label, or over any radio or television station, or in any other way similar or dissimilar to the foregoing, an advertisement, announcement, statement or representation of any kind to the public relating to such purchase, sale, hire, use or lease of such real estate, merchandise, securities, service or employment or to the terms or conditions thereof, which advertisement, announcement, statement or representation contains any assertion, representation or statement of fact which is untrue, deceptive or misleading.

105.     The Wisconsin DTPA further provides for a civil action to recover damages in Wis. Stat. § 100.18(11), as follows:

> (11)(a) The department of agriculture, trade and consumer protection shall enforce this section. Actions to enjoin violation of this section or any regulations thereunder may be commenced and prosecuted by the department in the name of the state in any court having equity jurisdiction. This remedy is not exclusive.

> (b)2. Any person suffering pecuniary loss because of a violation of this section by any other person may sue in any court of competent jurisdiction and shall recover such pecuniary loss, together with costs, including

14

reasonable attorney fees, except that no attorney fees may be recovered from a person licensed under ch. 452 while that person is engaged in real estate practice, as defined in s. 452.01(6). Any person suffering pecuniary loss because of a violation by any other person of any injunction issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including reasonable attorney fees, except that no attorney fees may be recovered from a person licensed under ch. 452 while that person is engaged in real estate practice, as defined in s. 452.01(6).

106. At all relevant times, Defendants made, published, or placed before one or more members of the public, including Plaintiff, an advertisement, announcement, statement, or representation concerning the sale of Wausau homes—stating that merchandise, i.e. homes, are built by a highly qualified and/or highly trained local home builder, built your way, with a firm price, and on time completion guarantee. Said representations were untrue, deceptive, and/or misleading act or practice and constitutes multiple, separate violations of Wis. Stat. § 100.18

107. Plaintiff purchased a Wausau Home, as set forth above and herein.

108. The purchase of a Wausau Home was primarily for personal, family, or household purposes.

109. In connection with the sale of a Wausau Home, Defendants misrepresented the home as built by a highly qualified and/or highly trained local home builder, built your way, with a firm price and on time completion, and in a quality and workmanlike manner, when in fact the home was not, as set forth in this Complaint.

110. In connection with the sale of Plaintiff's Wausau Home, Defendants concealed material facts, namely that the home would not be built by a highly qualified and/or highly trained local home builder, would not be built to the buyer's specifications, would not meet the guaranteed firm price, would not meet the guaranteed on time completion, and would not be built in a quality and workmanlike manner.

15

111. Defendants' concealment, suppression, misrepresentations and/or omission as set forth in this Complaint are material in that they are likely to affect the purchasing decisions or conduct of consumers, including Plaintiff, regarding Wausau Homes' products.

112. In violation of the Wisconsin DTPA, Defendants employed fraud, deception, false promises, misrepresentations, and/or the concealment, suppression, or omission of material facts in its sale and advertisement of Wausau Homes in the State of Wisconsin.

113. Defendants engaged in the concealment, suppression, misrepresentations and/or omission of the aforementioned material facts with the intent that others, such as Plaintiff and/or the general public would rely upon the concealment, suppression, misrepresentation and/or omission of such material facts and purchase a Wausau Home.

114. As a result of the purchase of a Wausau Home and Defendants' actions, Plaintiff sustained ascertainable monetary loss and damage.

115. Plaintiff is entitled to recover her actual damages, attorneys' fees, and injunctive or other equitable relief, pursuant to Wisconsin law, including Wis. Stat. § 100.18(11)(b)2.

**COUNT II**
**INTENTIONAL OR FRAUDULENT MISREPRESENTATION**
**AGAINST WAUSAU**

116. Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

117. Defendant Wausau Homes made certain representations of fact to Plaintiff, including but not limited to:

(a) That the home would be built on time;

(b) That the home would be built "your way" according to the agreed-upon specifications;

(c) That the home would be built by a highly qualified builder properly vetted by Wausau Homes;

(d) That the home would be built by a highly trained builder properly vetted by Wausau Homes;

(e) That the home would be built with a firm price; and/or

(f) That the home would be built free from defects and deficiencies.

118.    Each of these representations pertained to Defendant's present intentions and/or were within its control, as the home was a Wausau product, built with Wausau plans, and each contractor a Wausau local builder.

119.    These representations were untrue, as set forth herein.

120.    Defendant knew the falsity of these representations or acted in reckless disregard for the truth or falsity of the same.

121.    These representations were material, in that they constituted specific guarantees and statements as to the quality, timeliness, and cost of the Plaintiff's home, as well as the quality and trustworthiness of the local builder.

122.    Defendant made the representations with intent to deceive and to defraud Plaintiff.

123.    Plaintiff relied on the representations of Wausau and was defrauded by the representations. She purchased Wausau Home blueprints, executed a Wausau Homes' Design Agreement, and orally contracted for a Wausau Home with a personally appointed Wausau Homes' Local Builder.

## COUNT III
## NEGLIGENT MISREPRESENTATION AGAINST WAUSAU

124.    Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

125.    Defendant Wausau Homes made certain representation of fact to Plaintiff, including but not limited to:

(a) That the home would be built on time;

(b) That the home would be built "your way" according to the agreed-upon specifications;

(c) That the home would be built by a highly qualified builder properly vetted by Wausau Homes;

(d) That the home would be built by a highly trained builder properly vetted by Wausau Homes;

(e) The home would be built with a firm price; and/or that

(f) The home would be built free from defect and deficiencies.

126.    These representations were made to Plaintiff, as set forth above and herein.

127.    Each of these pertained to Defendant's present intentions and/or were within its control, as the home was a Wausau product, built with Wausau plans, and each contractor a Wausau local builder.

128.    Defendant was negligent in making the representations.

129.    These representations were untrue, as set forth herein.

130.    Plaintiff justifiably relied on the information supplied by Wausau Homes. As a result of Plaintiff's reliance on the information supplied by Wausau Homes, Plaintiff sustained ascertainable loss and damage.

## COUNT IV
### NEGLIGENT SUPERVISION AGAINST WAUSAU

131.    Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

18

132. Defendant invited Plaintiff to "search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."

133. Defendant had a duty to Plaintiff to carefully select and supervise its local builders which they represented as the "neighborhood experts."

134. Defendant's duties included the selection, supervising, and monitoring of its local builders.

135. Wausau breached its duties of selection, supervising, and monitoring of its local builders, including failing to perform proper background checks, failure to ensure funds were not fraudulently used or misappropriated, failure to ensure proper licenses, failure to perform proper criminal records checks, and failure to properly monitor and ensure financial stability.

136. Upon information and belief, Semke and/or North Ridge misused Plaintiff's payments, issued "extra" billings with no ensuing work, were financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the agreed upon price, did not follow specifications or customary practices for the home, and/or did not complete Plaintiff's home.

137. Semke and/or North Ridge did not maintain the required Dwelling Contractor Certification and/or a Dwelling Contractor Qualifier Certification from the Wisconsin Department of Safety and Professional Services.

138. These breaches amount to negligence by Defendant that directly and proximately caused Plaintiff's damages.

## COUNT V
### NEGLIGENT HIRING AGAINST WAUSAU

139. Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

19

140.    Defendant had a duty to Plaintiff to carefully select and hire its local builders which they represented as the "neighborhood experts."

141.    Defendant's duties included the selection, hiring, and training of its local builders.

142.    Wausau Homes breached its duties of selection, hiring, and training of its local builders, including failing to perform proper background checks, failure to ensure funds were not fraudulently used or misappropriated, failure to ensure proper licenses, failure to perform proper criminal records checks, and failure to properly monitor and ensure financial stability.

143.    Defendant knew or should have known of Semke and/or North Ridge's dangerous proclivities at all relevant times herein, including: overcharging, lack of capital, misuse of funds, shoddy craftsmanship, defective work, lack of licensing, financial instability and delinquency, criminal charges, and other tendencies which would cause damage to Wausau Homes' customers.

144.    Upon information and belief, Semke and/or North Ridge were involved with several incomplete, defective, and shoddy projects specific to Wausau Homes.

145.    Yet Semke and/or North Ridge were hired or retained by Wausau Homes as a local, "expert" contractor and builder.

146.    Moreover, Semke and/or North Ridge *continued* to be hired or retained by Wausau Homes through the relevant times set forth herein, even after pleading guilty to several crimes and being subject to other financial improprieties, including judgments entered against them for financial delinquencies and nonpayment.

147.    Defendant had insufficient or no established business practice to determine or address the dangerous proclivities of its "expert" local contractors and builders before or after hiring.

148.    Wausau's lack of vetting practices and other negligent acts or omissions was the

proximate cause of the injuries sustained by Plaintiff at the hands of Semke and/or North Ridge Construction, as enumerated herein.

149. Semke and/or North Ridge caused damages to Plaintiff, as set forth above and herein.

150. Semke and/or North Ridge overcharged Plaintiff, took advance payments, allowed licenses to expire and/or failed to have proper licensing, made false promises, and/or provided shoddy craftsmanship and defective work.

151. Semke and/or North Ridge misused Plaintiff's payments, issued "extra" billings with no ensuing work, were financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the agreed upon price, did not follow specifications or customary practices, and/or did not complete Plaintiff's home.

152. Semke and/or North Ridge's misconduct as identified herein was consistent with their dangerous proclivities, of which Wausau Homes was and should have been aware.

153. Because of Wausau's negligence in hiring and continuing to employ Semke and/or North Ridge, Plaintiff sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional similar expenses and costs were incurred.

154. These breaches amount to negligence by Defendant that directly and proximately caused Plaintiff's damages.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY**
**AGAINST ALL DEFENDANTS**

155. Plaintiff hereby realleges and incorporates by reference each allegation set forth in

the above paragraphs as if fully set forth herein and further alleges as follows:

156.    Plaintiff entered into an oral contract with Semke and/or North Ridge Construction.

157.    Plaintiff entered the agreement based upon certain guarantees and representations by Defendants, including the on time, your way, and firm price guarantees, as well as Wausau Homes' selection of "highly qualified" local home builders.

158.    Plaintiff had a right to rely on Defendants' truthfulness, skill, and judgment in making these guarantees and representations.

159.    Plaintiff performed her obligations under the agreement.

160.    Wausau, Semke, and North Ridge Construction failed to perform their obligations, and failed to perform in a good and workmanlike fashion.

161.    Wausau, Semke, and North Ridge Construction's breach of the implied warranty caused substantial damage to Plaintiff.

### COUNT VII
### BREACH OF CONTRACT
### AGAINST SEMKE AND NORTH RIDGE CONSTRUCTION

162.    Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

163.    Defendants formed agreements and entered into a valid and enforceable oral contract with Plaintiff, including offer, acceptance, and consideration.

164.    Plaintiff accepted Defendants' offer and exchanged consideration by using Defendants' services and paying for them, as set forth above and herein.

165.    Plaintiff has performed all, or substantially all, of the obligations imposed on her under the contract with Defendants.

166.    Defendants breached the agreement with Plaintiff as set forth above and herein. As

a direct and proximate result of Defendants' breaches of the agreement, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT VIII
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST SEMKE AND NORTH RIDGE CONSTRUCTION

167.    Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

168.    Defendants were required to operate according to an implied duty of good faith and fair dealing in connection with the oral contract agreed to with Plaintiff.

169.    Defendants were required to exercise judgment in good faith when making decisions to change the house and/or material specifications, take advance payments, use Plaintiff's funds and payments, and build Plaintiff's home.

170.    Defendants willfully rendered imperfect performance, abused their power, and interfered with Plaintiff's contractual and guaranteed expectations. As a direct and proximate result of Defendants' breaches of the Contract, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT IX
## FRAUD AGAINST SEMKE AND NORTH RIDGE CONSTRUCTION

171.    Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

172.    Plaintiff orally contracted with Semke and/or North Ridge Construction to construct her home.

173.    Semke and/or North Ridge represented to Plaintiff that he would complete the construction of her home for the agreed upon price, on time, according to the specifications and customary practices, and free from construction defects.

23

174. These representations were false.

175. Semke and/or North Ridge knew these representations were false.

176. Semke and/or North Ridge intended thereby to deceive Plaintiff and induce her into entering a contract with Defendants.

177. Plaintiff believed the truth of Semke and North Ridge's representations and relied on them as being true. Plaintiff sustained ascertainable loss and damage as a result of Semke and/or North Ridge's fraud.

## COUNT X
## NEGLIGENCE AGAINST SEMKE AND NORTH RIDGE CONSTRUCTION

178. Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

179. By agreeing to build the home, Semke and/or North Ridge owed a duty to Plaintiff to construct the home in a manner consistent with industry and customary standards.

180. Semke and/or North Ridge breached their duties to Plaintiff by failing to construct the home in a manner consistent with industry and customary standards, by failing to properly oversee construction of the home, and/or by failing to construct the home on time, according to the specifications, or with a firm price. As a result of Semke and/or North Ridge's negligence, Plaintiff sustained ascertainable loss and damage.

## COUNT XI
## BREACH OF EXPRESS WARRANTY
## AGAINST SEMKE AND NORTH RIDGE CONSTRUCTION

181. Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

182. Defendants represented, sold, advertised, and marketed a Wausau home and product, which Plaintiff purchased.

183. Defendants represented in their marketing, advertising, and promotion of Wausau Homes that the product would conform to the Wausau Homes' Brand Promises or guarantees, in that the product would be completed on time, your way, with a firm price, and be built by a local neighborhood expert.

184. These representations and warranties were made to Plaintiff both before and during her relationship with Defendants, as set forth above and herein.

185. Defendants made these representations to induce Plaintiff to purchase a Wausau Home.

186. The Wausau Homes' Brand Guarantees were part of the basis of the bargain between Defendants and Plaintiff.

187. However, the Wausau Homes product (the home) did not conform to Defendants' representations and warranties in that it was not completed on time, your way, with a firm price, or by any "expert" builder.

188. Within a reasonable time after Plaintiff knew or should have known of such failure to conform, Plaintiff gave Defendants notice thereof, as set forth herein.

189. As a direct and proximate result of Defendants' breaches of the express warranty and failure of the Wausau Homes' products to conform, Plaintiff sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional similar expenses and costs were incurred.

## COUNT XII
## THEFT BY CONTRACTOR
## AGAINST ALL DEFENDANTS

190.    Plaintiff hereby realleges and incorporates by reference each allegation set forth in the above paragraphs as if fully set forth herein and further alleges as follows:

191.    Defendants and Plaintiff entered into an agreement for the improvement of land.

192.    Pursuant to the agreement, Defendants received money from Plaintiff.

193.    Defendants used, retained, and/or concealed part or all of the money for a purpose other than the payment of claims due or to become due for labor or materials used in the improvements before all claims were paid.

194.    Defendants' use, retention, and/or concealment of the money was without consent of the owner of the land, and contrary to Defendants' authority.

195.    Defendants knew that the use, retention, and/or concealment of the money was without the consent of the owner of the land, and contrary to Defendants' authority.

196.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered a monetary loss, including but not limited to amounts paid for labor and materials that remain unpaid and/or costs incurred to satisfy such claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter an order or judgment against Defendants including the following:

A.    For an order declaring that Defendants' conduct violates the statutes referenced herein;

B.    For an order finding in favor of Plaintiff on all counts asserted herein;

C.    For compensatory, statutory, exemplary, and other damages in amounts to

26

be determined by the Court and/or jury;

D.     For an order of restitution and all other forms of equitable monetary relief;

E.     For injunctive relief as the Court may deem proper;

H.     Pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

I.     An order awarding Plaintiff her attorneys' fees and costs and expenses incurred in connection with this action; and

J.     Such other and further relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Dated: June 4, 2026.           Respectfully submitted,

**KEANE LAW LLC**

*/s/ Ryan A. Keane*
Ryan A. Keane, #62112MO
7711 Bonhomme Ave, Suite 600
St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com

and

**MOEN SHEEHAN MEYER, LTD**

*Kara M. Burgos*

Kara M. Burgos, #1020960
201 Main Street, Suite 700
La Crosse, WI 54602-0786
Phone: (608) 784-8310
kburgos@msm-law.com

*Attorneys for Plaintiff*

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served electronically upon all counsel of record via the CM/ECF system on June 5, 2026

*Kara M. Burgos*